## W. A. Davis, Appellee, v. E. J. Rose, Appellant.

### Gen. No. 23,473.   (Not to be reported in full.)

Interlocutory appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court. Reversed. Opinion filed December 3, 1917.

### Statement of the Case.

Bill by W. A. Davis, complainant, against E. J. Rose, defendant, to enjoin defendant from selling, assigning, leasing or attempting to sell, assign or lease certain premises. From an injunctional order granted complainant, defendant appeals.

MAYER, MEYER, AUSTRIAN & PLATT, for appellant.

No appearance for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Abstract of the Decision.

1. Injunction, § 162*—*when granting of order for without notice is improper.* That an order of injunction was granted without notice is ground for reversal, unless it appeared from the bill and affidavit that the rights of complainant would have been unduly prejudiced if the injunction had not been issued immediately or without notice.

2. Injunction, § 162*—*when granted without notice.* To justify the issuance of an injunction without notice, it is not sufficient to state conclusions of prejudice, but facts must be stated from which the court can draw the conclusion that an immediate injunction without notice is necessary to save complainant from harm.

3. Injunction, § 67*—*when will not be granted because seeking specific performance of contract.* An injunction which, in effect, seeks the specific performance of a contract for the construction of a building, involving the preparation of plans and specifications by the court and the superintendence of their carrying out, will not be granted.

4. Injunction, § 13*—*when denial proper because of adequate remedy at law.* An injunction which seeks to have a court of chancery deliver to complainant possession of premises described in a lease from defendant will not be granted, complainant having an adequate remedy at law.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.